

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

*Andrew M. Trombly*      *970 Broad Street, 7th floor*  *973-645-2700*
*Trevor A. Chenoweth*      *Newark, New Jersey 07102*
*Robert Taj Moore*
*Assistant United States Attorneys*

February 5, 2026

Honorable Claire C. Cecchi
United States District Judge
Martin Luther King, Jr. Federal Building
 & United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

   Re: *United States v. Matthew Brent Goettsche et al.*, Crim. No. 19-877 (CCC)

Dear Judge Cecchi:

   The Government writes to respectfully request that the Court enter (1) the enclosed proposed scheduling order, which sets this matter for jury trial on November 4, 2026—the date proposed to the parties by Court staff—and also sets a full schedule of pretrial deadlines leading to that trial date; and (2) the enclosed proposed continuance excluding time Speedy Trial Act time through November 18, 2026 (two weeks after jury trial begins) in the interests of justice.

   It is now clear that a jury trial will be required to resolve this matter, and the Government shares the defense's desire for a trial date as soon as reasonably practicable. But in view of the high complexity of this case and the anticipated length of trial—in the Government's estimation, roughly four to five weeks—the Government believes that a realistic and attainable schedule should be set that will enable adequate preparation by both parties and require no further adjournments or modifications. The proposed schedule achieves these goals: It sets a relatively prompt but realistic trial date and allows sufficient time for the completion of discovery, pretrial motion practice, and trial preparation.

## I. Background and Current Posture

   On December 5, 2019, a grand jury returned an Indictment against Goettsche and four of his co-defendants. ECF No. 1. The Indictment charges Goettsche (and multiple codefendants) with conspiracy to commit wire fraud, in violation of 18 U.S.C.

§ 1349, and conspiracy to offer and sell unregistered securities, in violation of 18 U.S.C. § 371. *Id.*

Since 2019, Goettsche's counsel and the Government engaged in extensive plea negotiations that extended through December 2025, at which point it became clear to all parties that a negotiated resolution was no longer possible.  To that end, on December 30, 2025, the parties requested the Court's availability for an approximately five-week trial.  On January 15, 2026, the Court notified the parties via e-mail that trial could begin on November 4, 2026.  The next day, on January 16, 2026, the Defendant requested that the trial begin the first week of June instead.

## II.    Discussion

The November 2026 trial date proposed by this Court is appropriate, and the exclusion of time through that date is in the interests of justice, in light of both the significant complexity of this case and its current posture, which still requires the full completion of discovery and, potentially, pretrial motion practice.

### A.    November 2026 Is a Realistic Trial Date, and the Exclusion of STA Time Through that Date Serves the Interests of Justice.

Both the November 2026 trial date proposed by this Court, and the related exclusion of Speedy Trial Act time through that date in the interests of justice, are warranted by the great complexity of this case.  The Indictment concerns a global fraudulent scheme based on false promises that the victims' hundreds of millions of dollars in investments would be used to generate returns from cryptocurrency mining.

"Case complexity is an acceptable reason for tolling Speedy Trial Act deadlines." *United States v. Scarfo*, 41 F.4th 136, 176 (3d Cir. 2022).  Specifically, among the non-exhaustive list of factors "which a judge shall consider" in granting a continuance is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

This case—in light of both its underlying substance and current posture— meets the *Scarfo* standard for case complexity.  For example:

- Discovery in this case is not yet complete, given the extended plea negotiations that have occurred between the parties over years.  Indeed, this Court has never entered a scheduling order setting a firm deadline for pretrial discovery—and neither party (including Goettsche) has ever asked

this Court to do so.  To be sure, the Government has already produced the substantial majority of expected discovery in this case, comprising several dozen productions of documents and electronic evidence.  But the Government cannot yet represent that it has completed pretrial discovery, a necessary step before meaningful pretrial motion practice can take place.

- Importantly, the Federal Bureau of Investigation—after six years of trying—has now gained access to three encrypted and passcode-protected mobile devices lawfully seized from Goettsche in 2019.  Defense counsel has asked the Government to process the data from these devices through the filter protocol agreed upon by the parties.

- After discovery is complete, defense counsel has told the Government that it expects to file pretrial motions, or at least wishes to preserve Goettsche's ability to do so.  In other words, Goettsche has not disclaimed motion practice, which would automatically stop the Speedy Trial Act clock anyway.

- Trial in this matter will be complex and lengthy.  The Government anticipates calling over a dozen witnesses, including experts, and introducing a significant volume of documents and other electronic evidence seized from both online accounts and physical devices, including a copy of a server used to commit the alleged fraud.  The Government anticipates trial lasting approximately four to five weeks.  A trial of this nature will require significant preparation by both parties.

Again, the Government shares Goettsche's view that a scheduling order extending through a firm and realistic trial date should be set ***now***, in view of the age and complexity of this case and the practical certainty that a trial will be required for this matter to resolve.  An unrealistic trial date will invite adjournments, and adjourning a complex trial would interfere with the schedules of the many witnesses and myriad interested victims who will rely on the finality of the Court's order setting a date.  And setting only a schedule for discovery and pretrial motions will not keep this matter on track for a definite and firm trial date—the only way that this case will be resolved.  The November 2026 trial date proposed by the Court sets a realistic trial date while allowing for adequate case preparation by both parties.

## B.    Goettsche's Position, to the Extent Discernible, Is Meritless.

Because both parties agree on the need for a trial date to be set—which this Court has already accommodated by proposing the eminently reasonable November 2026 date—the only dispute appears to be ***when*** that trial will take place.  But even here, Goettsche's precise position remains unclear to the Government despite multiple meet-and-confers to try to reach an agreement.

Since the need for a trial became clear in December 2025, the Government has met and conferred with defense counsel multiple times regarding a trial schedule in this matter. Counsel has informed the Government that Goettsche desires a June 2026 trial date and may not agree to continuances beyond that date.

But beyond this, both the specific nature and basis of Goettsche's position regarding scheduling remain unclear to the Government. Despite Goettsche's request (made so far only by an email to Court staff) for a June 2026 trial date, defense counsel has not, after multiple attempts, explained how this date is feasible or even proposed a scheduling order to the Government.[1] Moreover, defense counsel has represented to the Government that defense counsel may wish to file pretrial motions, which would automatically stop the Speedy Trial Act clock. And defense counsel acknowledges that certain discovery remains in the filter process—including, most recently, the three Goettsche phones mentioned above. Goettsche has also represented to the Government that he is not, at this time, making a speedy trial demand.

At bottom, the difference between the June 2026 date preferred by Goettsche and the firm November 2026 date proposed by the Court amounts to only five months. That relatively minimal additional time is far outweighed by the complexity of this case and the need for both parties to complete pretrial matters, including discovery, motion practice, and filter review, and prepare for trial itself. Despite the Government sharing Goettsche's desire for a trial as soon as ***practicable***, the Government cannot see how a June 2026 date would be feasible at this point—nor has Goettsche offered any specific proposal or explanation.

---

[1]    Indeed, in an effort to reach an agreement, the Government in December 2026 sent a proposed schedule to defense counsel based on a fall 2026 trial date closely similar to the proposed scheduling order now offered to this Court. To date, defense counsel has not sent a revised proposed scheduling order back to the Government based on a potential June 2026 trial date.

## III.    Conclusion

The proposed scheduling order, and the parallel continuance excluding time through November 2026, is reasonable and in the interests of justice. The Government respectfully requests that this Court enter both orders.[2]

Respectfully Submitted,

TODD BLANCHE
U.S. Deputy Attorney General

PHILIP LAMPARELLO
Senior Counsel

*/s/ Andrew M. Trombly*

Andrew M. Trombly
Trevor A. Chenoweth
Robert Taj Moore
Assistant U.S. Attorneys

(Enclosures)

cc:    All counsel of record (via ECF)

---

[2]    If the Court calls for briefing from Goettsche before granting the Government's requested relief or otherwise entertains the possibility of a June 2026 trial date, the Government respectfully requests that Goettsche be asked to file his submission in short order, and the trial date be set as soon as practicable regardless of the date set. A June 2026 trial would begin only four months from now, and though not practicable in the Government's view, the Government would begin intense preparation immediately.