UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 19-877 (CCC) |
| v. | |
| MATTHEW BRENT GOETTSCHE | **SCHEDULING ORDER** |

This matter having come before the Court upon the scheduling of a trial date; and the United States being represented by the United States Attorney's Office for the District of New Jersey (by Andrew M. Trombly, Trevor A. Chenoweth, and Robert Taj Moore, Assistant U.S. Attorneys, appearing); and the Defendant Matthew Brent Goettsche being represented by Rodney Villazor, Esq., Matthew Menchel, Esq., and Evelyn Sheehan, Esq.; and the Court having determined that this matter should be scheduled for trial on **November 4, 2026**; and for good cause shown,

It is on this _____ day of February 2026, ORDERED that:

1. The Government shall continue to provide discovery required by Federal Rule of Criminal Procedure 16(a)(1) on a rolling basis, with production to be completed on or before April 3, 2026.

2. The Defendant shall file any and all pretrial motions, pursuant to Federal Rules of Criminal Procedure 12(b) and 41(h), in the manner set forth in L. Civ. R. 7.1, on or before April 24, 2026.

3. The Government shall provide the Defendant notice of any experts it intends to offer in its case-in-chief, along with disclosures required by Fed. R. Crim. P. 16(a)(1)(G), on or before May 15, 2026.

4. The Defendant shall provide the Government notice of any experts he intends to offer in his case-in-chief, along with disclosures required by Fed. R. Crim. P. 16(b)(1)(C), on or before May 15, 2026.

5. The Government shall file any response to the Defendant's pretrial motions on or before May 29, 2026.

6. The parties may each submit supplemental expert disclosures pursuant to either Fed. R. Crim. P. 16(a)(1)(G) or (b)(1)(C), as applicable, on or before June 12, 2026, regarding any expert that the parties expect to call to rebut the expert or experts disclosed by the other party.

7. The Defendant shall file any reply to the Government's responses to his pretrial motions on or before June 12, 2026.

8. If the Government intends to offer any Rule 404(b) evidence, the Government shall provide notice of this evidence in the form delineated in Federal Rule of Evidence 404(b)(2)(A) on or before July 17, 2026.

9. If the Defendant intends to offer any "reverse Rule 404(b)" evidence, the Defendant shall provide notice of this evidence in the form delineated in Federal Rule of Evidence 404(b)(2)(A) on or before July 17, 2026.

10. The Government shall provide its exhibit list and any pre-marked exhibits for its case-in-chief on or before July 17, 2026, subject to modification at any time before trial.

a. The authenticity and chain of custody of the Government's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 7(c).

b. If the Government discloses the scientific analysis of an exhibit that it proposes to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 7(c).

c. If the Defendant wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the Defendant shall file, on or before July 31, 2026, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of that exhibit is being challenged and a certification that the challenge is being made in good faith.

11. The Defendant shall provide his exhibit list and any pre-marked exhibits for his case-in-chief on or before July 31, 2026, subject to modification at any time before trial.

a. The authenticity and chain of custody of the Defendant's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 8(c).

3

b.  If the Defendant's disclose the scientific analysis of an exhibit that they propose to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 8(c).

c.  If the Government wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, it shall file, on or before August 14, 2026, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of that exhibit is being challenged and a certification that the challenge is being made in good faith.

12. The parties shall file simultaneously any *in limine* motions on or before August 21, 2026.

13. The parties shall file simultaneously any responses to *in limine* motions on or before September 11, 2026.

14. The parties shall file simultaneously any replies to *in limine* motions on or before September 23, 2026.

15. Oral argument on pretrial motions and *in limine* motions shall be held on a date or dates to be set by the Court.

16. The parties shall jointly file a neutral statement of the case on or before October 5, 2026.

17. Jointly agreed-to proposed Jury Instructions shall be due to the Court on or before October 8, 2026.  Any disagreements shall be clearly marked as "Objected To," and each party's position shall be clearly explained with citations to supporting authorities.

18. The parties shall file any *voir dire* requests (separate from those general requests asked by the Court) and a verdict sheet on or before October 8, 2026.

19. The Government shall provide all material to be disclosed under *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, on or before October 21, 2026, and provide any material under the Jencks Act, 18 U.S.C. § 3500, on or before the same date.

20. The Defendant shall produce all "reverse Jencks" that is required to be disclosed under Federal Rule of Criminal Procedure 26.2 on or before October 21, 2026.

21. The Court will hold a pretrial conference on October ____, 2026 at _____ a.m./p.m.

22. Jury selection/trial shall commence on November 4, 2026, at 9:30 a.m.

23. The Court has set aside five weeks for trial of this matter.

_____
Honorable Claire C. Cecchi
United States District Judge